# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60732
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2020

Lyle W. Cayce
Clerk

ALEJANDRO SALAS JAIMES, also known as James Alexander Salos, also known as Alejandro Merida, also known as Victor Salas,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 301 095

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Alejandro Salas Jaimes, a native and citizen of Mexico, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the order of the Immigration Judge (IJ) denying his request for a discretionary waiver of inadmissibility under 8 U.S.C. § 1182(h).  Salas Jaimes argues that the IJ erred in determining that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction for the Texas offense of burglary was a violent and dangerous offense sufficient to warrant the heightened standard under 8 C.F.R. § 212.7(d).

We have authority to review only the decision of the BIA and will consider the IJ's decision to the extent it influenced that of the BIA. *See Cabral v. Holder*, 632 F.3d 886, 889 (5th Cir. 2011). The BIA based its ruling only on the discretionary denial of relief and explicitly declined to address the issue raised by Salas Jaimes in his petition for review. Salas Jaimes presents no other argument and does not challenge the BIA's ruling affirming the discretionary denial of the waiver. As such, we cannot review the claim he raises, *see Cabral*, 632 F.3d at 889, and he has abandoned any challenge to the BIA's ruling, *see Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). He has also abandoned any challenge to the validity of his notice to appear. *See id.*

Additionally, under 8 U.S.C. § 1252(a)(2)(B)(i), "no court shall have jurisdiction to review" the Attorney General's discretionary decision to deny § 1182(h) relief. *See Cabral*, 632 F.3d at 889; *Martinez v. Mukasey*, 519 F.3d 532, 541 (5th Cir. 2008). Though we may consider legal or constitutional challenges to the denial of relief under § 1182(h), *see* § 1252(a)(2)(D); *Martinez*, 519 F.3d at 541, Salas Jaimes raises no such argument.

Accordingly, the petition for review is DISMISSED for lack of jurisdiction.